Robert G. Clyne
John E. Olson
Kipp C. Leland
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
Masefield International, Inc.
175 North Broadway
South Amboy, NJ 08879-1638
(732) 838 0800

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------x

MASEFIELD INTERNATIONAL, INC.,            Index No.

    Plaintiff,

 - against -                                   **COMPLAINT**

TERMINAL VENTURES, INC.,

    Defendant.

---------------------------------------------------x

 Plaintiff, Masefield International, Inc., by and through its attorneys, Hill Rivkins & Hayden LLP, as and for its complaint against the above-named defendant alleges upon information and belief as follows:

**PARTIES**

 1. At and during all material times hereinafter mentioned, Plaintiff, Masefield International Inc. (hereinafter "Plaintiff" or "Masefield") was and now is a corporation organized and existing under the laws of Delaware with its principal place of business at 3050 Post Oak Boulevard, Suite 1330, Houston, Texas 77056.

2. At and during all material times hereinafter mentioned, defendant, Terminal Ventures, Inc. (hereinafter "Defendant" or "TVI") was and now is a corporation organized and existing under the laws of the state of Pennsylvania, with its principal place of business at 195 Howell Street, Jersey City, New Jersey 07306.

## SUBJECT MATTER JURISDICTION

3. The subject matter jurisdiction of this Court is invoked under 28 U.S.C. §1333 as this matter is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Alternatively, the subject matter jurisdiction of this Court is invoked under 28 U.S.C. §1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTUAL BACKGROUND

5. Plaintiff and Defendant entered into an Agreement of General Conditions, No. 09/05-1001, with an attached schedule, both dated March 27, 2007, and signed on April 5, 2007 ("the Agreement"), which, *inter alia*, provides that Defendant would receive, store, deliver and/or transfer clean petroleum products or biodiesel or blends thereof at its terminal facility in Jersey City, New Jersey for and on behalf of Plaintiff. A true and correct copy of the Agreement is attached hereto as Exhibit A.

6. The Agreement further provides that Defendant would provide to Plaintiff "one safe port and one safe and always accessible berth…", and the Agreement further provides that the South Dock is capable of receiving a 700 foot long tanker with a

2

maximum beam of 120 feet, maximum mean low water draft of 29 feet, and with a minimum loading rate of 2,500 US Barrels per hour.

7. In addition, the Agreement provides that Defendant will have available to Plaintiff tanks and two docks, the North dock and the South dock, "24 hours/day, 7 days/week year round".

8. The Agreement further provides that Defendant will maintain all facilities in good working order.

9. Defendant alleges that on or about October 17, 2007 there was an incident with respect to the M.V. Aral Wind that allegedly damaged the South Dock at the terminal which is the only dock that can accommodate ocean-going vessels.

10. Notwithstanding the alleged incident on October 17, 2007, Plaintiff was not notified of the incident or the unavailability of the South Dock until November 1, 2007.

11. It has subsequently become evident that the South Dock was in such a poor condition that the warranties, promises, and undertakings made in Paragraphs 6, 7, and 8 of the Agreement constitute misrepresentations which were made solely to induce Plaintiff into entering into the agreement and upon which plaintiff relied to its detriment.

12. At Defendant's request Plaintiff advanced funds on December 12, 2007 in the form of pre-paid storage in the amount of $305,820.00 in order to assist Defendant in financing the dock repairs to the South Dock.

13. Notwithstanding the financial aid provided in the form of pre-paid storage fees, the South Dock remained unavailable for use by Plaintiff through the termination of the Agreement on June 30, 2008

14. During the period November 1, 2007 through June 30, 2008, Defendant misrepresented, to Plaintiff's detriment, that the South Dock was being repaired in an efficient and timely manner.

15. During the period November 1, 2007 through June 30, 2008, Plaintiff was given various indications as to when the South Dock would become operational again and has, by relying on such information, nominated certain vessels including the M.V. Clipper Trojan, M.V. Kristen Knutsen, M.V. Destiny 1, M.V. Clipper Kylie, M.V. Panama Flota, M.V. Stolt Candor, M.V. LS Jacoba, M.V. Amundsen Wind, M.V. Basat and the M.V. Dzintari to call at the South Dock at Defendant's facility, none of which vessels were able to call at the South Dock due to its unavailability.

### AS AND FOR A FIRST CAUSE OF ACTION FOR <u>RESCISSION OF THE AGREEMENT</u>

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 as if the same were fully set forth herein.

17. As referenced above Defendant represented at the time that the agreement was entered into that the South Dock would be fit, well maintained and in all respects ready to accommodate vessels with a maximum draft of 29 feet.

18. The availability of the South Dock and its ability to accommodate vessels with a maximum draft of 29 feet was a material consideration upon which Plaintiff relied when entering into the agreement

19. The representations regarding the condition of the South Dock as set forth in Paragraphs 6-9 were false and known to be false by the defendant at the time of the

negotiations and execution of the Agreement and were made solely for the purpose of inducing Plaintiff's reliance upon same. Furthermore, Plaintiff rightfully relied upon defendant's misrepresentations and false statements, believing them to be true, to its detriment.

20. By reason of the premises, Plaintiff is entitled to rescind the Agreement with Defendant, with Defendant receiving no benefit from same.

21. By reason of the premises, plaintiff has sustained damages, no part of which has been paid, in the amount of $3,489,922.40 exclusive of interest and costs.

**AS AND FOR A SECOND
CAUSE OF ACTION
FOR BREACH OF CONTRACT**

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 as if the same were fully set forth herein.

23. Although the Agreement fundamentally provides that Defendant would provide Plaintiff with access to and from its facility, for vessels with a maximum draft of 29 feet, the South Dock has been unavailable for use since the first notification of its unavailability on November 1, 2007.

24. By failing to make the South Dock available for use, Defendant has breached its duties and obligations under the Agreement and is otherwise at fault.

25. As a result of Defendant's breaches and other failures, Plaintiff has incurred expenses for lightering, reverse lightering, barging, freight, inspection, demurrage, cleaning costs, vessel non-utilization costs, pre-paid storage costs and other expenses.

26. By reason of the premises, plaintiff has sustained damages, no part of which has been paid, in the amount of $3,489,922.40 exclusive of interest and costs.

### AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF WARRANTY

27. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 as if the same were fully set forth herein.

28. The Agreement warrants that Defendant "shall provide one safe port and one safe and always accessible berth … during the term of the Agreement."

29. The Agreement further provides that the South Dock could accommodate vessels with a mean low water draft of 29 feet.

30. Notwithstanding the foregoing warranty, Defendant has failed to provide either a safe port or safe berth to accommodate vessels with a draft of 29 feet.

31. As a result of Defendant's breach of warranty, Plaintiff has incurred expenses for lightering, reverse lightering, barging, freight, inspection, demurrage, cleaning costs, vessel non-utilization costs, pre-paid storage costs and other expenses.

32. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid, in the amount of $3,489,922.40 exclusive of interest and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR CONVERSION

33. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 as if fully set forth herein.

34. The Agreement provides in Clause 7 for the removal of all materials including tank bottoms and line fill at termination. At the present time, Plaintiff has material in the form of tank bottoms and line fill in the approximate amount of 3,712 barrels with an approximate value of $589,345.05.

35. Although the Agreement provides for the removal of tank bottoms and Plaintiff has nominated the barge HT 100 or substitute to remove the tank bottoms, Plaintiff has rejected the nomination and steadfastly refused to return the tank bottoms in violation of the Agreement, thereby converting the material/tank bottoms and line fill for its own use.

36. As a result of Defendant's conversion, Plaintiff has incurred damages in the sum of $589,345.05 exclusive of interest and costs, no part of which has been paid although duly demanded.

WHEREFORE, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against Defendant.

2. That if Defendant cannot be found within this District, that all of its property within this District be attached in the sum set forth above, with interest and costs.

3. That a decree may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages as contained in each and every count, together with interest and costs.

4. Plaintiff prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: South Amboy, New Jersey
July 31, 2008

                    HILL RIVKINS & HAYDEN LLP
                    Attorneys for Plaintiff

By: _____
       Robert G. Clyne
       John E. Olson
       Kipp C. Leland
       175 North Broadway
       South Amboy, NJ 08879-1638
       (732) 838 0800

29901\Complaint